## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY ELIZE ROWLEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-7399** |
| **ST. TAMMANY PARISH**<br>**SHERIFF'S OFFICE, ET AL.** | **SECTION: "C"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Jerry Elize Rowley, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the St. Tammany Parish Sheriff's Office, Sheriff Jack Strain, Jr., and an unidentified deputy.  In this lawsuit, plaintiff complains that his rights were violated when the unidentified deputy allowed a Wal-Mart security officer to press charges against plaintiff for theft of property.  As relief, he is seeking $5,000,000 in damages.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[1]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The United States Fifth Circuit Court of Appeals has noted: "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process, and ... a district court is vested with especially broad discretion in determining whether such a dismissal is warranted." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (textual alteration and internal quotation marks omitted). In making the determination regarding frivolity, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174,

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Broadly reading plaintiff's complaint,[2] the Court finds that plaintiff's complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.

As plaintiff notes in his complaint, the instant lawsuit is based on the same incident as his prior lawsuit:  Jerry Elize Rowley v. Wal-Mart, et al., Civil Action No. 06-6255 "I"(3) (E.D. La.). In that lawsuit, plaintiff filed a pro se and in forma pauperis complaint pursuant to 42 U.S.C. § 1983 against Wal-Mart, an unidentified store manager, and an unidentified store security officer, claiming that store employees wrongly failed to prevent him from shoplifting and instead unfairly had him arrested.  Because the instant lawsuit is clearly related to that pending lawsuit, the Court takes judicial notice of the proceedings in that case.[3]

In that lawsuit, United States Magistrate Judge Daniel E. Knowles, III, held a Spears hearing on October 2, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claim.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  At that hearing, plaintiff candidly admitted that he entered the Wal-Mart store in Covington, Louisiana, with the intention of shoplifting merchandise.  He further contended that store employees, aware of his intention, followed him around the store, "stalking" him.  A store manager even approached plaintiff but did not prevent him from shoplifting.  Plaintiff complained that after he completed shoplifting merchandise, store employees stopped him at the store exit.  He was subsequently arrested for theft

---

[2]  The court must liberally construe a pro se civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3]  "A court may take judicial notice of related proceedings and records in cases before the same court."  MacMillan Bloedel Ltd. v. Flintkote Co., 760 F.2d 580, 587 (5th Cir. 1985).

of $470 worth of goods, a charge on which he is currently awaiting trial.  Plaintiff testified that he

felt that it was "unfair" for the employees to have him arrested when they simply could have

approached him in the store and stopped him from shoplifting in the first place.  He asked that he

be awarded $1,000,000 in damages and that the employees be fired.

Magistrate Judge Knowles found that plaintiff's complaint implicated no federal

constitutional or statutory rights and that the named defendants were not acting under color of state

law as is required for liability under § 1983.  Accordingly, Magistrate Judge Knowles recommended

that plaintiff's complaint be dismissed with prejudice as frivolous and for failing to state a claim on

which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).  That recommendation currently

remains pending before United States District Judge Lance M. Africk.

At best, plaintiff's claims in the instant lawsuit are ones for false arrest and false

imprisonment.  However, as Magistrate Judge Knowles noted in plaintiff's prior lawsuit, those

claims would be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the United States

Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct appeal, expunged by executive
> order, declared invalid by a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ of habeas corpus, 28
> U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or
> sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court must consider
> whether a judgment in favor of the plaintiff would necessarily imply the invalidity
> of his conviction or sentence; if it would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or sentence has already been
> invalidated.

Heck, 512 U.S. at 486-87 (emphasis in original) (footnote omitted).  The Heck prohibition applies with equal force when the plaintiff is facing pending criminal charges if "a judgment in favor of plaintiff would necessarily imply the invalidity of a *subsequent* conviction or sentence."  Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (emphasis added).  Claims barred by Heck are legally frivolous.  Id. at 102.

A federal judgment in plaintiff's favor on his claims of false arrest and false imprisonment would necessarily imply the invalidity of any subsequent state conviction on his underlying criminal charge.  Therefore, Heck would bar such claims until such time as plaintiff obtains a favorable disposition on that charge.  See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (false arrest and false imprisonment claims barred by Heck), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).[4]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

---

[4] Moreover, plaintiff's complaint is arguably also subject to dismissal as malicious.  Litigation may be dismissed as malicious when the plaintiff is seeking to litigate claims which arise from same facts and common series of events as his claims in a prior lawsuit.  Willis v. Bates, 78 Fed. App'x 929, 930 (5th Cir. 2003); Wilson v. Lynaugh, 878 F.2d 846, 850 (5th Cir. 1989); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).  Because the instant complaint is based on the same facts and series of events as Civil Action No. 06-6255, and because plaintiff asserts claims closely related to the claims asserted in that lawsuit, this complaint is arguably malicious.  Although plaintiff is suing different defendants in this action, claims may be dismissed as malicious even if brought against defendants not named in the previous litigation.  Bailey, 846 F.2d at 1021.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twelfth day of October, 2006.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**